IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEE KIDWELL,

                    Plaintiff,

          v.                                    CASE NO. 20-3238-SAC

CALVIN H. HAYDEN, et al.,

                    Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis.

## Nature of the Complaint

Plaintiff brings this action against Sheriff Calvin H. Hayden, Undersheriff Douglas Bedford, and the Johnson County Adult Detention Center (JCADC). He alleges an invasion of property, a claim the court liberally construes to allege a violation of his privacy. Plaintiff specifically objects to the presence of surveillance cameras in his cell which allow him to viewed while using the shower and toilet. He alleges mental injury and seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*,

500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

### The detention center is not a proper defendant

Plaintiff names the JCADC as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a

detention facility is not a person or legally created entity capable of being sued"). Accordingly, plaintiff's claims against the JCADC are subject to dismissal.

### Personal participation

Plaintiff has failed to allege how the remaining defendants, Sheriff Hayden and Undersheriff Bedford, personally participated in the violation of his constitutional rights. An essential element of a civil rights claim against an individual defendant is that person's direct involvement in the acts or omissions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Bare claims of a defendant's involvement are not sufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 at 676 ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, a plaintiff must name each defendant not only in the caption of the complaint, but also in the body of the complaint and to include a description of the specific acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff makes no specific claims about how defendants Hayden and Bedford violated his rights, and it appears his claims may rest on their supervisory status. However, mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)(supervisory status is not sufficient to support liability under § 1983). Likewise, a defendant's liability cannot be based solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 471 (1976); *Gagan v. Norton*, 35 F.3d 1473,

1476 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). Rather, a plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). Because plaintiff has not made any specific allegations of acts or omissions by defendants Hayden and Bedford, his claims against them are subject to dismissal.

### Request for monetary damages

As relief, plaintiff seeks monetary damages. This request is barred because he does not allege any physical injury. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### Pretrial conditions of confinement

Claims concerning the conditions of confinement of a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 647 (10th Cir.), *cert. denied sub nom. Dale v. Rife*, 138 S. Ct. 364 (2017). Under this analysis, "[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019)(quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A pretrial detainee may be subjected "to the restrictions and conditions of the detention facility so long as those

conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Routt v. Howard*, 764 F. App'x 762, 768 (10th Cir. 2019)(quoting *Bell*, 441 U.S. at 536-37).

Plaintiff's claim concerning the presence of cameras arose during his disciplinary segregation while he was held in "close observation" status. The use of cameras for surveillance did not expose plaintiff unnecessarily to view, nor do his allegations reasonably suggest that the surveillance used was punitive rather than a reasonable means of maintaining security. *See, e.g., Garrett v. Thaler*, 560 F. App'x 375, 380-81 (5th Cir. 2014)(upholding decision that cameras in restroom, shower and dressing areas of state prison did not violate Fourth Amendment). The Court concludes the present complaint does not state a claim for relief.

### Order to Show Cause

Plaintiff will be ordered to show cause why this matter should not be dismissed for the reasons set forth. In the alternative, he may file an amended complaint on court-approved forms to cure the deficiencies discussed in this order.[1] Plaintiff will be given time

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3238-SAC) at the top of the first page of his Amended Complaint, and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.

to file the amended complaint, and the amended complaint must (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for relief; and (3) allege sufficient facts to show personal participation by each named defendant.

If plaintiff fails to file an amended complaint or to show cause, this matter will be decided on the current deficient complaint and may be dismissed without additional notice for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 3, 2020,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein.

IT IS FURTHER ORDERED that plaintiff is granted to and including **November 3, 2020,** to file an amended complaint to cure the deficiencies identified in this order. The clerk of the court shall transmit a form pleading and instructions to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 13th day of October, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge