```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**RONALD LEE KIDWELL,**

                        **Plaintiff,**

        v.                                          **CASE NO. 20-3238-SAC**

**CALVIN H. HAYDEN, et al.,**

                        **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action brought under 42 U.S.C. § 1983 by a pretrial detainee. On October 13, 2020, the court entered an order to show cause (OSC) directing plaintiff to cure certain deficiencies and allowing him to file an amended complaint. Plaintiff filed a timely amended complaint. The Court has reviewed the amended complaint and concludes plaintiff has failed to state a claim for relief.

    Plaintiff is housed in a close observation unit following disciplinary matters and complains that the unit has cameras which allow him to be seen while using the restroom and shower. He claims this is a violation of his privacy. He seeks injunctive relief and damages.

    Plaintiff's claims in the amended complaint do not state a claim for relief. Because plaintiff is in pretrial detention, his claims challenging his conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Rife v. Okla. Dept. of Pub. Safety*, 854 F.3d 637, 647 (10th Cir.), *cert. denied sub nom. Dale v. Rife*, 138 S.Ct. 364 (2017). The benchmark for such claims is taken from the Eighth Amendment. *See Lopez v. LeMaster*, 172 F.3d 756, 759

n. 2 (10th Cir. 1999)("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether [plaintiff's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.")(citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).

The analysis of a claim brought under the Eighth Amendment has two components. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This factor requires the prisoner to show that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id*. It is settled that the Constitution does not guarantee "comfortable prisons" and that only conditions "denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)(internal citations omitted). Prison officials meet this standard if they "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001)(citation omitted).

Next, a prisoner must show the defendant prison officials have a "sufficiently culpable state of mind", a factor which requires a showing that defendants acted with deliberate indifference to the well-being of the prisoners in their care. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Under this analysis, "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)(quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls … the length of exposure to the conditions is often of prime importance." *Id*. Under this standard, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations…' may meet the standard despite a shorter duration." Id. (citations omitted).

In this case, plaintiff's allegations do not suggest he has experienced more than a minor deprivation. First, prisoners have only a limited right to privacy in the context of prison life. *See generally Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984) ("[a] right to privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure the institutional security and internal order"). A prisoner's claim alleging a violation of a right to privacy must be weighed against institutional security concerns, which are "central to all other correctional goals." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Accordingly, prison conditions may infringe on a prisoner's constitutional right to privacy if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Here, the presence of cameras in the close observation cell where plaintiff is housed does not suggest any unconstitutional incursion on his limited right to privacy. *See, e.g., Garrett v. Thaler*, 560 F. Appp'x 375, 380-81 (5th Cir. 2014)(affirming decision that cameras

in restroom and shower areas in a state prison did not violate the Fourth Amendment) and *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995)(monitoring of prisoners in shower, restroom, and undressing was constitutional in light of security needs). The court concludes that plaintiff has not stated a claim for relief.

Finally, plaintiff's request for monetary damages is barred by 42 U.S.C. § 1997e(e). That provision, enacted as part of the Prison Litigation Reform Act, states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

**DATED:**  This 1st day of December, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge